United States District Court
For the Northern District of California

1

2

3

4          IN THE UNITED STATES DISTRICT COURT

5          FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    ANTONIO P. SANCHEZ,              )   Case No. 09-5574 SC
                                      )
8              Plaintiff,             )   ORDER GRANTING IN PART AND
                                      )   DENYING IN PART DEFENDANT'S
9         v.                          )   MOTION FOR ATTORNEY'S FEES
                                      )
10   BANK OF AMERICA F/K/A COUNTRYWIDE )
     HOME LOANS; NATIONS FIRST LENDING,)
11   INC.; ALCA CORPORATION D/B/A HOME )
     FUNDERS FINANCIAL; ROMEO FELISCO  )
12   ALVIDERA; GI HUANG LI; and DOES 1-)
     20 inclusive,                    )
13                                    )
14             Defendants.            )
                                      )
15   _____)

16   I.   **INTRODUCTION**

17        Now before the Court is a Motion for Attorney's Fees filed by

18   Defendant Countrywide Home Loans, Inc. ("Countrywide") against

19   Plaintiff Antonio Sanchez ("Plaintiff").  Docket No. 40 ("Motion").

20   Plaintiff filed an Opposition, which included a request to strike

21   portions of Countrywide's Motion; Countrywide filed a Reply.

22   Docket Nos. 41 ("Opp'n"), 43 ("Reply").[1]

23        Based on the papers submitted by the parties, and for the

24   reasons described below, the Court hereby DENIES Plaintiff's

25   request to strike and GRANTS IN PART AND DENIES IN PART the Motion

26   for Attorney's Fees.

27   _____

28   [1] No other Defendant participated in this Motion.

**United States District Court**
For the Northern District of California

## II.  **BACKGROUND**

In his initial Complaint, filed November 24, 2009, Plaintiff challenged alleged misconduct that took place during the origination of a housing loan.  See Docket No. 1 ("Compl.").  Among the eleven causes of action named in the Complaint were two federal causes of action: violation of the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA").  See id.

Various Defendants filed motions to dismiss or otherwise responded to the Complaint.  Docket Nos. 16, 20, 22-24.  In response, Plaintiff filed an untimely Statement of Non-Opposition, Docket No. 30 ("SNO"), stating that he did not oppose dismissal of the two federal causes of action.  Plaintiff argued that because "Plaintiff's federal claims against all the defendants are now dismissed," the Complaint failed "to state a basis for the Court's jurisdiction and this Court should dismiss the complaint without prejudice."  SNO at 2 n. 1.  On the following day, February 26, 2010, Plaintiff filed an Amended Complaint, Docket No. 31 ("Am. Compl."), in violation of Federal Rule of Civil Procedure 15(a)(1)(B), which requires amended pleadings to be filed within twenty-one days of service of a Rule 12(b) motion.  Plaintiff's Amended Complaint included seven state law causes of action and no federal causes of action.  See Am. Compl.

The Court issued an Order to Show Cause why the case should not be dismissed.  Docket No. 36 ("OSC").  In Plaintiff's Response, Docket No. 37 ("OSC Response"), Plaintiff's counsel Sharon Lapin ("Lapin") admitted that the Statement of Non-Opposition and Amended

United States District Court
For the Northern District of California

1    Complaint were untimely filed, provided no reasons why the filings

2    were late or incomplete, and requested that any sanctions be

3    imposed on Lapin herself and not on Plaintiff.  OSC Response at 1-

4    2.  At the show cause hearing on April 9, 2010, the Court dismissed

5    the action against all Defendants with prejudice and permitted

6    Defendants to file motions for attorney's fees.  Docket No. 39.

7        Countrywide seeks $27,459 in attorney's fees, citing Civil

8    Local Rule 11-6(a) as the source of the Court's sanctioning power.

9    Mot. at 5.

10

11   **III.  LEGAL STANDARD**

12       **A.    Sanctions**

13       In the present action, there are three relevant legal bases on

14   which the Court can rely in awarding attorney's fees as a sanction.

15   Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the

16   proceedings in any case unreasonably and vexatiously may be

17   required by the court to satisfy personally the excess costs,

18   expenses, and attorneys' fees reasonably incurred because of such

19   conduct."  The court may impose sanctions under section 1927 sua

20   sponte.  Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.,

21   210 F.3d 1112, 1118 (9th Cir. 2000).  Second, under Civil Local

22   Rule 11-6, the court may impose "appropriate sanctions" if the

23   court "has cause to believe an attorney has engaged in

24   unprofessional conduct."  Civ. L.R. 11-6(a)(2)-(3).  Third, courts

25   have inherent power to issue sanctions as necessary to "manage

26   their own affairs so as to achieve the orderly and expeditious

27   disposition of cases."  Chambers v. NASCO, Inc., 501 U.S. 32, 43

28

3

1  (1992) (citation and quotation marks omitted).  The court may impose

2  sanctions sua sponte under this authority.  <u>Roadway Exp., Inc. v.</u>

3  <u>Piper</u>, 447 U.S. 752, 765 (1980).

4      **B.**   **Calculation of Attorney Fees**

5      "The determination of attorney fees is within the sound

6  discretion of the trial court."  <u>Zuniga v. United Can Co.</u>, 812 F.2d

7  443, 454 (9th Cir. 1987).  To determine a reasonable fee, the court

8  should first "calculate the 'lodestar figure' by taking the number

9  of hours reasonably expended on the litigation and multiplying it

10  by a reasonable hourly rate."  <u>Fischer v. SJB-P.D. Inc.</u>, 214 F.3d

11  1115, 1119 (9th Cir. 2000) (citing <u>Hensley v. Eckerhart</u>, 461 U.S.

12  424, 433 (1983)).  "Second, the court must decide whether to

13  enhance or reduce the lodestar figure based on an evaluation of the

14  <u>Kerr</u> factors that are not already subsumed in the initial lodestar

15  calculation."  <u>Fischer</u>, 214 F.3d at 1119 (citing <u>Kerr v. Screen</u>

16  <u>Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975).  The <u>Kerr</u>

17  factors are:

18          (1) the time and labor required; (2) the
        novelty and difficulty of the questions

19          involved; (3) the skill requisite to perform
        the legal service properly; (4) the preclusion

20          of other employment by the attorney due to
        acceptance of the case; (5) the customary fee;

21          (6) whether the fee is fixed or contingent; (7)
        time limitations imposed by the client or the

22          circumstances; (8) the amount involved and the
        results obtained; (9) the experience,

23          reputation, and ability of the attorneys; (10)
        the "undesirability" of the case; (11) the

24          nature and length of the professional
        relationship with the client; and (12) awards

25          in similar cases.

26  <u>Quesada v. Thomason</u>, 850 F.2d 537, 539 n.1 (9th Cir. 1988).

27  ///

28  ///

IV.   **DISCUSSION**

   A.    **Plaintiff's Request to Strike**

   Countrywide attached to its Motion a transcript of Lapin's appearance at a show cause hearing in another case filed by Lapin against Countrywide, Jimenez v. Bank of America FKA Countrywide Home Loans, No. 09-05575.  Goldberg Decl. Ex. A ("Jimenez Transcript").[2]  Plaintiff requests the Court strike the Jimenez Transcript as "clearly an effort to unfairly prejudice the Court by the introduction of extraneous material which is irrelevant to the violations asserted in the case at bar."  Opp'n at 7.

   In this Transcript, Lapin admits to filing thirty-two mortgage cases in the Northern District of California, Jimenez Transcript at 21:7-10, and filing more than 110 mortgage cases in California in federal court, id. at 21:11-13.  Lapin also admits that federal courts have sanctioned her for these litigation tactics.  Id. at 21:21-23.  The Court finds that the Jimenez Transcript is relevant to show Lapin's repeated disregard for court rules, Lapin's knowledge of those rules, and a pattern of abusive litigation behavior supporting a finding of bad faith or improper purpose by Lapin in the present action.  Therefore, the Court DENIES Plaintiff's request to strike the Transcript.

   B.    **Sanctions**

   A specific finding of subjective bad faith by a counsel before the court will support a sanction of attorney's fees under 28 U.S.C. § 1927.  Salstrom v. Citicorp Credit Servs., Inc., 74 F.3d 183, 184-85 (9th Cir. 1996).  The same finding supports sanctions

---

[2] James Goldberg ("Goldberg"), counsel for Countrywide, has filed a declaration in support of the Motion.  Docket No. 40-1.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   under the court's local rules, <u>Zambrano v. City of Tustin</u>, 885 F.2d

2   1473, 1482 (9th Cir. 1989), and under the court's inherent power,

3   <u>Primus Auto. Fin. Servs., Inc. v. Batarse</u>, 115 F.3d 644, 648-49

4   (9th Cir. 1997).

5          Under 28 U.S.C. § 1927, the court may find bad faith "when an

6   attorney knowingly or recklessly raises a frivolous argument or

7   argues a meritorious claim for the purpose of harassing an

8   opponent," <u>Estate of Blas ex rel. Chargualaf v. Winkler</u>, 792 F.2d

9   858, 860 (9th Cir. 1986), or when litigation conduct is "undertaken

10  to increase expenses or delay," <u>New Alaska Dev. Corp. v. Guetschow</u>,

11  869 F.2d 1298, 1306 (9th Cir. 1989).  Under Civil Local Rule 11-6,

12  in addition to a finding of bad faith or abusive litigation, the

13  sanction should be "relatively mild" and (1) consistent with higher

14  authority, (2) necessary for the conduct of the court's business,

15  (3) consistent with "principles of right and justice," and (4)

16  "proportionate to the offense and commensurate with principles of

17  restraint and dignity in judicial power." <u>Zambrano</u>, 885 F.2d at

18  1479-80.  Monetary sanctions imposed under the court's inherent

19  power are appropriate if the court makes an explicit finding that

20  the underlying conduct constitutes bad faith, <u>Primus</u>, 115 F.3d at

21  648-49, or if bad faith is patent from the record, <u>Optyl Eyewear</u>

22  <u>Fashion Intern. v. Style Co.</u>, 760 F.2d 1045, 1050 (9th Cir. 1985).

23         The Court finds Lapin acted in bad faith in the present

24  action.  Lapin filed a baseless Complaint for an improper purpose

25  against Countrywide, she failed to comply with court rules, and she

26  unreasonably and vexatiously multiplied proceedings in the

27  present action by filing an untimely Statement of Non-Opposition

28

and an Amended Complaint.  Over the last year, Lapin has filed more than thirty nearly identical actions in the Northern District of California on behalf of mortgage holders against their brokers and others in the mortgage business.[3]  Each of these actions has been dismissed.  The majority of them follow the exact pattern found in the present case -- Lapin files a complaint with federal and state causes of action, defendant files a motion to dismiss the federal causes of action, Lapin files a statement of non-opposition, and the court grants defendant's motion to dismiss.[4]   Those that do

---

[3] E.g., Gonzalez v. GMAC Mortgage, LLC, No. 09-04571; Hall v. PLM Lender Servs., No. 09-04760; Acevedo v. JP Morgan Chase, No. 09-04765; Garlick v. Am. Home Mortgage Serv. Inc., No. 09-05015; Pasco v. Chase Home Finance, No. 09-05017; Johansen v. First Franklin Loan Servs., No. 09-05018; Turchie v. EMC Mortgage Corp., No. 09-05019; Leiva v. PennyMac Loan Servs., LLC, No. 09-05566; Morales v. Bank of America, No. 09-05566; Becerra v. Ocwen Loan Servicing, No. 09-05568; Almaraz v. JP Morgan Chase, No. 09-05579; Leiva v. Citi Mortgage, Inc., No. 09-05571; Soto v. Indymac Mortgage Servs., No. 09-05572; Saucedo v. First Franklin Loan Servs., No. 09-05573; Jimenez v. Bank of America, No. 09-05575;  Leiva v. Bank of America, No. 09-05576; Martinez v. GMAC Mortgage, LLC, No. 09-05577; Ramos v. Aurora Loan Servs., No. 09-05579; Kaleb v. Bank of America Home Loans, No. 09-05958; Wright v. Saxon Mortgage Servs., No. 09-05960; Mendez v. EMC Mortgage Corp., No. 09-05961; Sanchez v. Citi Mortgage, No. 10-000006; Robinson v. Bank of America, No. 10-00050; Lobato v. Citibank NA, No. 10-00106; Aragon v. Bank of America, No. 09-05016; Ulloa v. Wachovia Mortgage, No. 09-05570; Ramirez v. Countrywide Home Loans, No. 09-05578; Chuakay v. IndyMac Mortgage Servicing, No. 10-00051; Vo v. Downey Savings and Loan Assoc., No. 09-03985; O'Hearn v. Wells Fargo Bank NA, No. 09-04762.

[4] E.g., Gonzalez v. GMAC Mortgage, LLC, No. 09-04571; Garlick v. Am. Home Mortgage Serv. Inc., No. 09-05015; Johansen v. First Franklin Loan Servs., No. 09-05018; Turchie v. EMC Mortgage Corp., No. 09-05019; Morales v. Bank of America, No. 09-05566; Becerra v. Ocwen Loan Servicing, No. 09-05568; Almaraz v. JP Morgan Chase, No. 09-05569; Leiva v. Citi Mortgage, Inc., No. 09-05571; Saucedo v. First Franklin Loan Servs., No. 09-05573; Leiva v. Bank of America, No. 09-05576; Martinez v. GMAC Mortgage, LLC, No. 09-05577; Kaleb v. Bank of America Home Loans, No. 09-05958; Wright v. Saxon Mortgage Servs., No. 09-05960; Mendez v. EMC Mortgage Corp., No. 09-05961; Sanchez v. Citi Mortgage, No. 10-000006; Robinson v. Bank of America, No. 10-00050; Ulloa v. Wachovia Mortgage, No. 09-05570; Ramirez v. Countrywide Home Loans, No. 09-05578; Chuakay v. IndyMac

United States District Court
For the Northern District of California

1   not follow this precise pattern have been dismissed after Lapin

2   failed to appear for a show cause hearing, <u>e.g.</u>, <u>Argon v. Bank of</u>

3   <u>America</u>, No. 09-05016, or upon Lapin's stipulation to dismissal at

4   a motion hearing, <u>e.g.</u>, <u>O'Hearn v. Wells Fargo Bank</u>, No. 09-04762.

5   Motions for sanctions have been filed in several actions.  <u>E.g.</u>,

6   <u>Jimenez</u>, No. 09-05575, Docket No. 26; <u>Lobato</u>, No. 10-00106, Docket

7   No. 28.  Sanctions have been imposed in at least one action.

8   <u>Swanson v. EMC Mortgage Corp.</u>, No. 09-1507, 2010 WL 1173089 (E.D.

9   Cal. Mar. 23, 2010).

10       Furthermore, the facts show that Lapin knew at the time she

11  filed Plaintiff's Complaint that this behavior was improper.  On

12  October 29, 2009, Judge O'Neill in the Eastern District of

13  California dismissed with prejudice an action brought by Lapin on

14  behalf of another plaintiff.  <u>Swanson</u>, No. 09-1507, 2009 WL

15  3627925, *1 (E.D. Cal. Oct. 29, 2009).  The order stated, "this

16  Court is concerned that Ms. Swanson has brought this action in

17  absence of good faith and that Ms. Swanson exploits the court

18  system solely for delay or to vex."  <u>Id.</u> at *13.  The court held

19  that "attempt to vex or delay provides further grounds to dismiss

20  this action."  <u>Id.</u>  Both this dismissal with prejudice and a

21  related order to show cause predate Lapin's November 29, 2009

22  filing of the Complaint in the present action.  While Lapin claims

23  that her "significant and regrettable" errors "fall far short of

24  the subjective intentional bad faith and willful vexation and

25  harassment," Opp'n at 5, this timing suggests otherwise.

26       The Court identifies with particularity Lapin's bad-faith

27  _____

    <u>Mortgage Servicing</u>, No. 10-00051; <u>Vo v. Downey Savings and Loan</u>

28  <u>Assoc.</u>, No. 09-03985.

**United States District Court**
For the Northern District of California

1  conduct in this action.  Lapin brought an action in federal court
2  and failed to make a timely response to Defendants' motions to
3  dismiss.  She filed an untimely Statement of Non-Opposition in
4  which she did not oppose dismissal of the federal causes of action
5  -- the only basis for the Court's subject matter jurisdiction.
6  Then she filed an untimely Amended Complaint with no federal causes
7  of action and no other basis for subject matter jurisdiction.  She
8  has employed similar tactics in dozens of other actions filed
9  throughout California.  The only reasonable explanation is that
10  Lapin is seeking to prolong lawsuits that appear to have no merit.
11  At the show cause hearing and in her Opposition to this Motion,
12  Lapin did not provide an alternative explanation for her conduct.

13      The Court finds an award of attorney's fees is both necessary
14  for the conduct of the Court's business and proportionate to the
15  offense.  As requested, the Court will sanction Lapin, rather than
16  her client.[5]  An award of attorney's fees will serve to deter Lapin
17  and others from filing actions that they have no intent of
18  litigating.  An award of fees to Countrywide is the appropriate and
19  proportionate sanction, as it will compensate Countrywide for the
20  costs incurred due to Lapin's abusive conduct.  In sanctioning
21  Lapin, the Court relies on 28 U.S.C. § 1927, Civil Local Rule 11-6,
22  and the Court's inherent power.

23
24

25  [5] Countrywide requests that the sanction be imposed on Lapin and
    James Sandison ("Sandison"), citing Lapin's statements in the
26  Jimenez Transcript suggesting Sandison is Lapin's employer.  Mot.
    at 4.  The Court declines to do so.  Lapin has contested this
27  allegation, Opp'n at 7, and Sandison is not a counsel of record in
    this action.  Lapin's statements made in a separate action do not
28  justify an order of sanctions against a third party.

United States District Court
For the Northern District of California

C.    **Calculation of Attorney Fees**

Countrywide seeks $27,459 in attorney's fees.  Mot. at 2.
"The party seeking an award of fees should submit evidence
supporting the hours worked and rates claimed," and if the evidence
is lacking, "the district court may reduce the award accordingly."
Hensley, 461 U.S. at 433.  Countrywide has not provided the Court
with actual billing records from this action.

Countrywide claims 80.3 hours of attorney time and 9.5 hours
of paralegal time were spent drafting and revising Countrywide's
Motion to Dismiss, Docket No. 16 ("MTD"), and various other
documents.  Id. at 3.  Countrywide provides the total number of
hours worked by four attorneys and three paralegals, and provides
hourly rates for each individual ranging from $125 to $464.  Id. at
2-3.  The average hourly rate is $306 per hour ($27,459 divided by
89.8 hours).

Aside from a short description of each attorney and
paralegal's qualifications, Countrywide provides no support for the
reasonableness of the billing rates.  It has not provided sworn
affidavits from each attorney who worked on the matter.  It has not
provided attorney affidavits regarding "prevailing fees in the
community" or "rate determinations in other cases," both of which
are "satisfactory evidence of the prevailing market rate."  United
Steelworkers of America v. Phelps Dodge Corp., 896 F.2d 403, 407
(9th Cir. 1990).  Nor has it itemized the time spent on each
filing.

Despite these shortcomings, the Court finds the hourly rates
provided by Countrywide to be reasonable.  Other courts have found

similar rates for attorneys practicing in San Francisco to be

reasonable.  E.g., Asis Internet Servs. v. Optin Global, Inc., No.

05-05124, 2010 WL 2035327, *6 (N.D. Cal. May 19, 2010) (finding

hourly rates of $180-$220 for junior attorneys, $240-$280 for

temporary attorneys, and $350-$425 for senior attorneys to be

reasonable based on the court's "familiarity with the prevailing

rates in this district"); Meyer v. ARS Nat. Servs., Inc., No. 07-

6422, 2008 WL 3979466, *2 (N.D. Cal. Aug. 26, 2008) (finding $300

to be a reasonable hourly rate for attorneys practicing in the San

Francisco Bay Area).

        While Countrywide's claimed rates are reasonable, the amount

of time Countrywide claims to have spent working on this case is

not.  Countrywide claims a total of 89.8 attorney and paralegal

hours.  Mot. at 3.  One of Countrywide's chief criticisms of Lapin

is that she commenced "virtually identical" actions by filing

"cookie cutter" complaints with "boilerplate claims."  MTD at 2-3,

OSC Reply at 4, Mot. at 4.  In fact, Lapin has filed other actions

against Countrywide in which Countrywide retained the same counsel.

E.g., Jimenez, No. 09-05575.  Because Countrywide has defended

itself in near-identical prior actions by other plaintiffs

represented by Lapin, Countrywide's attorneys would have spent less

time responding to this action, as the legal questions raised were

not novel or difficult.

        The number of hours claimed by Countrywide is also

considerably greater than the number sought by movants in similar

cases.  In Swanson, the defendant claimed 28.75 hours of services

rendered in responding to a similar action filed by Lapin.  2010 WL

**United States District Court**
For the Northern District of California

1  1173089 at *8.  In another attorney's fees motion in the present

2  action, Defendants Alca Corporation and Romeo Felisco Alvidera

3  claim 31.5 hours of services rendered.  Docket No. 42, Ex. A.

4      In light of these considerations, the Court finds the

5  reasonable number of hours to be thirty hours, rather than 89.8

6  hours.  Multiplying this number by Countrywide's average hourly

7  rate ($306 per hour) yields a lodestar of $9,180.  Because the

8  Court considered a number of the <u>Kerr</u> factors in determining the

9  reasonable hourly rate and reasonable number of hours worked, the

10  Court opts against enhancing or reducing this amount based on a

11  consideration of the other factors.  The Court thus finds $9,180 to

12  be a reasonable calculation of attorney's fees, and a "relatively

13  mild" sanction in light of Lapin's bad faith misconduct.

14

15  **V.    CONCLUSION**

16      For the reasons stated above, Plaintiff Antonio Sanchez's

17  request to strike is DENIED.  Defendant Countrywide Home Loans,

18  Inc.'s Motion for Attorney's Fees is GRANTED IN PART AND DENIED IN

19  PART.  Plaintiff's counsel, Sharon Lapin, is hereby ordered to pay

20  Defendant Countrywide Home Loans, Inc. $9,180 in attorney's fees

21  as a sanction for her misconduct in this case.

22

23      IT IS SO ORDERED.

24

25  Dated: June 10, 2010                    _____

26                                          UNITED STATES DISTRICT JUDGE

27

28