United States District Court
For the Northern District of California

```
                    IN THE UNITED STATES DISTRICT COURT

                  FOR THE NORTHERN DISTRICT OF CALIFORNIA


ANTONIO P. SANCHEZ,                  ) Case No. 09-5574 SC
                                     )
          Plaintiff,                 ) ORDER GRANTING IN PART AND
                                     ) DENYING IN PART DEFENDANT
     v.                              ) ALCA CORPORATION'S
                                     ) MOTION FOR ATTORNEY'S FEES
BANK OF AMERICA F/K/A COUNTRYWIDE    )
HOME LOANS; NATIONS FIRST LENDING,   )
INC.; ALCA CORPORATION D/B/A HOME    )
FUNDERS FINANCIAL; ROMEO FELISCO     )
ALVIDERA; GI HUANG LI; and DOES 1-   )
20 inclusive,                        )
                                     )
          Defendants.                )
                                     )
```

## I. INTRODUCTION

Now before the Court is a Motion for Attorney's Fees filed by Defendants Alca Corporation DBA Home Funders Financial and Romeo Felisco Alivedera (collectively, "Defendants") against Plaintiff Antonio Sanchez ("Plaintiff"). Docket No. 42 ("Motion"). Plaintiff filed an untimely Opposition; Defendants filed a Reply. Docket Nos. 46, 44.[1] Based on the papers submitted by the parties, and for the reasons described below, the Court hereby GRANTS IN PART AND DENIES IN PART Defendants' Motion for Attorney's Fees.[2]

---

[1] No other Defendant participated in this Motion.

[2] Because the Court has already issued an order in this case granting attorney's fees to a Defendant, See Sanchez v. Bank of America, No. 09-5574, 2010 WL 2382347 (N.D. Cal. June 12, 2010), much of this Order mirrors the text of that earlier order.

## II. BACKGROUND

In his initial Complaint, filed November 24, 2009, Plaintiff challenged alleged misconduct that took place during the origination of a housing loan. See Docket No. 1 ("Compl."). Among the eleven causes of action named in the Complaint were two federal causes of action: violation of the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"). See id.

Various Defendants filed motions to dismiss or otherwise responded to the Complaint. Docket Nos. 16, 20, 22-24. In response, Plaintiff filed an untimely Statement of Non-Opposition, Docket No. 30 ("SNO"), stating that he did not oppose dismissal of the two federal causes of action. Plaintiff argued that because "Plaintiff's federal claims against all the defendants are now dismissed," the Complaint failed "to state a basis for the Court's jurisdiction and this Court should dismiss the complaint without prejudice." SNO at 2 n. 1. On the following day, February 26, 2010, Plaintiff filed an Amended Complaint, Docket No. 31 ("Am. Compl."), in violation of Federal Rule of Civil Procedure 15(a)(1)(B), which requires amended pleadings to be filed within twenty-one days of service of a Rule 12(b) motion. Plaintiff's Amended Complaint included seven state law causes of action and no federal causes of action. See Am. Compl.

The Court issued an Order to Show Cause why the case should not be dismissed. Docket No. 36 ("OSC"). In Plaintiff's Response, Plaintiff's counsel, Sharon Lapin ("Lapin"), admitted that the Statement of Non-Opposition and Amended Complaint were untimely filed, provided no reasons why the filings were late or incomplete,

2

and requested that any sanctions be imposed on Lapin herself and not on Plaintiff. Docket No. 37 ("OSC Response") at 1-2. At the show cause hearing on April 9, 2010, the Court dismissed the action against all Defendants with prejudice and permitted Defendants to file motions for attorney's fees. Docket No. 39.

In the declaration attached to Defendant's Motion, Defendants claim $17,221 in attorney's fees and $216 in costs. Roth Decl. ¶ 4.[3] However, the billing records attached as an exhibit to the declaration document $8,947.50 in attorney's fees and $96.15 in costs. Roth Decl. Ex. A ("Initial Billing Statement"). In an exhibit attached to a supplemental declaration filed with their Reply, Defendants provide billing records documenting $17,724.50 in fees and $216.14 in costs. Roth Supp. Decl. Ex. A ("Supp. Billing Statement"). Defendants have not explained this discrepancy.

### III. **LEGAL STANDARD**

**A.** **Sanctions**

In the present action, there are three relevant legal bases on which the Court can rely in awarding attorney's fees as a sanction. Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Second, under Civil Local Rule 11-6, the court may impose "appropriate sanctions" if the court "has cause to believe

---

[3] Elizabeth Roth ("Roth"), counsel for Defendants, filed a Declaration in support of Defendants' Motion, Docket No. 40, and a Supplemental Declaration in support of Defendants' Reply, Docket No. 42.

3

an attorney has engaged in unprofessional conduct." Civ. L.R. 11-6(a)(2)-(3). Third, courts have inherent power to issue sanctions as necessary to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43 (1992) (citation and quotation marks omitted). The court may impose sanctions sua sponte under this authority. <u>Roadway Exp., Inc. v. Piper</u>, 447 U.S. 752, 765 (1980).

### B. Calculation of Attorney Fees

"The determination of attorney fees is within the sound discretion of the trial court." <u>Zuniga v. United Can Co.</u>, 812 F.2d 443, 454 (9th Cir. 1987). To determine a reasonable fee, the court should first "calculate the 'lodestar figure' by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." <u>Fischer v. SJB-P.D. Inc.</u>, 214 F.3d 1115, 1119 (9th Cir. 2000) (citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983)). "Second, the court must decide whether to enhance or reduce the lodestar figure based on an evaluation of the <u>Kerr</u> factors that are not already subsumed in the initial lodestar calculation." <u>Fischer</u>, 214 F.3d at 1119 (citing <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975). The <u>Kerr</u> factors are include the time and labor required, the novelty and difficulty of the questions involved, the skill requisite to perform the legal service properly, and awards in similar cases. <u>Quesada v. Thomason</u>, 850 F.2d 537, 539 n.1 (9th Cir. 1988).

///
///
///
///

4

**IV. DISCUSSION**

    **A. Sanctions**

A specific finding of subjective bad faith by a counsel before the court will support a sanction of attorney's fees under 28 U.S.C. § 1927. Salstrom v. Citicorp Credit Servs., Inc., 74 F.3d 183, 184-85 (9th Cir. 1996). The same finding supports sanctions under the court's local rules, Zambrano v. City of Tustin, 885 F.2d 1473, 1482 (9th Cir. 1989), and under the court's inherent power, Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648-49 (9th Cir. 1997).

Under 28 U.S.C. § 1927, the court may find bad faith "when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent," Estate of Blas ex rel. Chargualaf v. Winkler, 792 F.2d 858, 860 (9th Cir. 1986), or when litigation conduct is "undertaken to increase expenses or delay," New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989). Under Civil Local Rule 11-6, in addition to a finding of bad faith or abusive litigation, the sanction should be "relatively mild" and (1) consistent with higher authority, (2) necessary for the conduct of the court's business, (3) consistent with "principles of right and justice," and (4) "proportionate to the offense and commensurate with principles of restraint and dignity in judicial power." Zambrano, 885 F.2d at 1479-80. Monetary sanctions imposed under the court's inherent power are appropriate if the court makes an explicit finding that the underlying conduct constitutes bad faith, Primus, 115 F.3d at 648-49, or if bad faith is patent from the record, Optyl Eyewear Fashion Intern. v. Style Co., 760 F.2d 1045, 1050 (9th Cir. 1985).

5

The Court finds Lapin acted in bad faith in the present action. Lapin filed a baseless Complaint for an improper purpose against Defendants, she failed to comply with court rules, and she unreasonably and vexatatiously multiplied proceedings in the present action by filing an untimely Statement of Non-Opposition and an Amended Complaint. Over the last year, Lapin has filed more than thirty nearly identical actions in the Northern District of California on behalf of mortgage holders against their brokers and others in the mortgage business.[4] Each of these actions has been dismissed. The majority of them follow the exact pattern found in the present case -- Lapin files a complaint with federal and state causes of action, defendant files a motion to dismiss the federal causes of action, Lapin files a statement of non-opposition, and the court grants defendant's motion to dismiss.[5] Those that do not

---

[4] E.g., Gonzalez v. GMAC Mortgage, LLC, No. 09-4571; Hall v. PLM Lender Servs., No. 09-4760; Acevedo v. JP Morgan Chase, No. 09-4765; Garlick v. Am. Home Mortgage Serv. Inc., No. 09-5015; Pasco v. Chase Home Finance, No. 09-5017; Johansen v. First Franklin Loan Servs., No. 09-5018; Turchie v. EMC Mortgage Corp., No. 09-5019; Leiva v. PennyMac Loan Servs., LLC, No. 09-5566; Morales v. Bank of America, No. 09-5566; Becerra v. Ocwen Loan Servicing, No. 09-5568; Almaraz v. JP Morgan Chase, No. 09-5569; Leiva v. Citi Mortgage, Inc., No. 09-5571; Soto v. Indymac Mortgage Servs., No. 09-5572; Saucedo v. First Franklin Loan Servs., No. 09-5573; Jimenez v. Bank of America, No. 09-5575; Leiva v. Bank of America, No. 09-5576; Martinez v. GMAC Mortgage, LLC, No. 09-05577; Ramos v. Aurora Loan Servs., No. 09-5579; Kaleb v. Bank of America Home Loans, No. 09-5958; Wright v. Saxon Mortgage Servs., No. 09-5960; Mendez v. EMC Mortgage Corp., No. 09-5961; Sanchez v. Citi Mortgage, No. 10-0006; Robinson v. Bank of America, No. 10-0050; Lobato v. Citibank NA, No. 10-0106; Aragon v. Bank of America, No. 09-5016; Ulloa v. Wachovia Mortgage, No. 09-5570; Ramirez v. Countrywide Home Loans, No. 09-0578; Chuakay v. IndyMac Mortgage Servicing, No. 10-0051; Vo v. Downey Savings and Loan Assoc., No. 09-3985; O'Hearn v. Wells Fargo Bank NA, No. 09-4762.

[5] E.g., Gonzalez v. GMAC Mortgage, LLC, No. 09-4571; Garlick v. Am. Home Mortgage Serv. Inc., No. 09-5015; Johansen v. First Franklin Loan Servs., No. 09-5018; Turchie v. EMC Mortgage Corp., No. 09-5019; Morales v. Bank of America, No. 09-5566; Becerra v. Ocwen Loan Servicing, No. 09-5568; Almaraz v. JP Morgan Chase, No. 09-

follow this precise pattern have been dismissed after Lapin failed to appear for a show cause hearing, e.g., Argon v. Bank of America, No. 09-5016, or upon Lapin's stipulation to dismissal at a motion hearing, e.g., O'Hearn v. Wells Fargo Bank, No. 09-04762. Motions for sanctions have been filed in several actions. E.g., Jimenez, No. 09-5575, Lobato, No. 10-0106. Sanctions have been imposed in at least one action. Swanson v. EMC Mortgage Corp., No. 09-1507, 2010 WL 1173089 (E.D. Cal. Mar. 23, 2010).

Furthermore, the facts show that Lapin knew at the time she filed Plaintiff's Complaint that this behavior was improper. On October 29, 2009, Judge O'Neill in the Eastern District of California dismissed with prejudice an action brought by Lapin on behalf of another plaintiff. Swanson, No. 09-1507, 2009 WL 3627925, *1 (E.D. Cal. Oct. 29, 2009). The order stated, "this Court is concerned that Ms. Swanson has brought this action in absence of good faith and that Ms. Swanson exploits the court system solely for delay or to vex." Id. at *13. The court held that "attempt to vex or delay provides further grounds to dismiss this action." Id. Both this dismissal with prejudice and a related order to show cause predate Lapin's November 29, 2009 filing of the Complaint in the present action. While Lapin claims that her "significant and regrettable" errors "fall far short of

---

5569; Leiva v. Citi Mortgage, Inc., No. 09-5571; Saucedo v. First Franklin Loan Servs., No. 09-5573; Leiva v. Bank of America, No. 09-5576; Martinez v. GMAC Mortgage, LLC, No. 09-5577; Kaleb v. Bank of America Home Loans, No. 09-5958; Wright v. Saxon Mortgage Servs., No. 09-5960; Mendez v. EMC Mortgage Corp., No. 09-5961; Sanchez v. Citi Mortgage, No. 10-0006; Robinson v. Bank of America, No. 10-0050; Ulloa v. Wachovia Mortgage, No. 09-5570; Ramirez v. Countrywide Home Loans, No. 09-5578; Chuakay v. IndyMac Mortgage Servicing, No. 10-0051; Vo v. Downey Savings and Loan Assoc., No. 09-3985.

7

the subjective intentional bad faith and willful vexation and harassment," Opp'n at 5, this timing suggests otherwise.

The Court identifies with particularity Lapin's bad-faith conduct in this action. Lapin brought an action in federal court and failed to make a timely response to Defendants' motions to dismiss. She filed an untimely Statement of Non-Opposition in which she did not oppose dismissal of the federal causes of action -- the only basis for the Court's subject matter jurisdiction. Then she filed an untimely Amended Complaint with no federal causes of action and no other basis for subject matter jurisdiction. She has employed similar tactics in dozens of other actions filed throughout California. The only reasonable explanation is that Lapin is seeking to prolong lawsuits that appear to have no merit. At the show cause hearing and in her Opposition to this Motion, Lapin did not provide an alternative explanation for her conduct.

The Court finds an award of attorney's fees is both necessary for the conduct of the Court's business and proportionate to the offense. As requested, the Court will sanction Lapin, rather than her client. An award of attorney's fees will serve to deter Lapin and others from filing actions that they have no intent of litigating. An award of fees to Defendants is the appropriate and proportionate sanction, as it will compensate Defendants for the costs incurred due to Lapin's abusive conduct. In sanctioning Lapin, the Court relies on 28 U.S.C. § 1927, Civil Local Rule 11-6, and the Court's inherent power.[6]

---

[6] In their Motion, Defendants advance additional novel theories supporting their Motion, including malicious prosecution under Andrus v. Estrada, 39 Cal. App. 4th 1030, 1041 (1995). The Court declines Defendants' invitation to extend Andrus, instead relying on the above sources of authority.

8

### B. Calculation of Attorney Fees

"The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed," and if the evidence is lacking, "the district court may reduce the award accordingly." Hensley, 461 U.S. at 433. In their Motion and accompanying declaration, Defendants claim $17,221 in attorney's fees and $216.14 in costs. See Roth Decl. ¶ 4. As evidence offered in support, Defendants attach four pages of billing records evincing $8,947 in attorney's fees and $96.15 in costs. See Initial Billing Records. In their Reply, Defendants claim an additional $503.50 in fees "incurred since the filing of this Motion" and $795 in fees in filing their reply. Reply at 2. Defendants attach to their Reply six pages of billing records totaling $17,724.50. See Supp. Billing Records.

The Court will not consider costs alleged for the first time in Defendants' reply; nor will it consider the Supplemental Billing Records attached to Defendants' Reply. Defendants had the opportunity to document their billing on this matter in support of their Motion, and they did so. They now claim a greater amount of damages, without explaining the difference between their original documentation and the later documentation. Nor did they seek leave from the Court to file supplemental materials, as required by Civil Local Rule 7-3(d). Furthermore, because Defendants provide no evidentiary support for the $17,221 claimed in their Motion, the Court will use the $8,947.50 figure Defendants support with their Initial Billing Records as a starting point in determining the appropriate sanction.

With respect to Defendants' Initial Billing Records, the Court

finds them to be detailed, and helpful in determining both the reasonable number of hours worked and the reasonable rate. Defendants claim 31.5 hours of attorney time was spent on this matter. Initial Billing Records at 3. Defendants identify each discrete action taken, the amount of time dedicated to that action, and the billing rate for the person who performed that action. E.g., id. at 2 (identifying actions such as "Draft Motion for More Definite Statement" and "Draft Proposed Orders"). The rate for each attorney varies from $265 per hour to $325 per hour. Id.

The Court finds the hourly rates provided by Defendants to be reasonable. Other courts have found similar rates for attorneys practicing in San Francisco to be reasonable. E.g., Asis Internet Servs. v. Optin Global, Inc., No. 05-05124, 2010 WL 2035327, *6 (N.D. Cal. May 19, 2010) (finding hourly rates of $180-$220 for junior attorneys, $240-$280 for temporary attorneys, and $350-$425 for senior attorneys to be reasonable based on the court's "familiarity with the prevailing rates in this district"); Meyer v. ARS Nat. Servs., Inc., No. 07-6422, 2008 WL 3979466, *2 (N.D. Cal. Aug. 26, 2008) (finding $300 to be a reasonable hourly rate for attorneys practicing in the San Francisco Bay Area).

The Court also finds the number of hours claimed to be reasonable. The 31.5 hours documented by Defendants is comparable to the number sought by movants in similar cases. In Swanson, the defendant claimed 28.75 hours of services rendered in responding to a similar action filed by Lapin. 2010 WL 1173089 at *8.

The Court also finds the $96.15 in costs detailed in the Initial Billing Records to be reasonable and appropriately documented. In light of these considerations, the Court finds

10

$8,947 to be a reasonable calculation of attorney's fees, and a "relatively mild" sanction in light of Lapin's bad-faith misconduct. Because the Court considered a number of the Kerr factors in determining the reasonable hourly rate and reasonable number of hours worked, the Court opts against enhancing or reducing this amount based on a consideration of the other factors.

**V. CONCLUSION**

For the reasons stated above, the Motion for Attorney's Fees brought by Defendants Alca Corporation DBA Home Funders Financial and Romeo Felisco Alivedera is GRANTED IN PART AND DENIED IN PART. Plaintiff Antonio P. Sanchez's counsel, Sharon Lapin, is hereby ordered to pay Defendants Alca Corporation DBA Home Funders Financial and Romeo Felisco Alivedera Eight Thousand Nine Hundred Forty-Seven Dollars and Fifty Cents ($8,947.50) in attorney's fees, and Ninety-Six Dollars and Fifteen Cents ($96.15) in costs, as a sanction for her misconduct in this case.

IT IS SO ORDERED.

Dated: July 22, 2010

UNITED STATES DISTRICT JUDGE

11